FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 2 3 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLERK

JOHN MIKEL CASTLEBERRY,

   Plaintiff,

v.                                      No. CIV-03-0583 JP/LFG

JOHN SHANKS, et al.,

   Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's original and supplemental civil rights complaints (together the "complaint") under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Also under consideration are Plaintiff's motions for class certification (Doc. #9) filed July 1, 2003, and for leave to file supplemental pleading (Doc. #10) filed July 15, 2003. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but



liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names forty-five Defendants and asserts thirteen claims. These claims are based on allegations of denial of religious freedom, denial of medical treatment and access to the courts, due process and equal protection violations, retaliation, slander, and denial of good time credits. The complaint asks for damages and equitable relief. Plaintiff seeks certification of a class consisting of all inmates at Western New Mexico Correctional Facility and Central Minimum Restrict Unit.

In Claim I, Plaintiff alleges that Defendants Vallo, Hayes, and Lopez confiscated a number of religious articles from his cell. The items were returned approximately one week later. Although prisoners retain the right to the free exercise of their religion, incarceration may impose certain reasonable limits on this right. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Makin v. Colorado*, 183 F.3d 1205, 1209 (10th Cir. 1999). Courts have upheld bans on incense, *see Childs v. Duckworth*, 509 F. Supp. 1254, 1264 (N.D. Ind. 1981), *aff'd*, 705 F.2d 915 (7th Cir. 1983); *Munir v. Scott*, 792 F. Supp. 1472, 1473 (E.D. Mich.), *rev'd on other grounds*, No. 92-1693, 1993 WL 465162, at **2 (6th Cir. Nov. 10, 1993), and have limited access to other religious articles, *see Dettmer v. Landon*, 799 F.2d 929, 934 (4th Cir. 1986) (limiting unsupervised use of certain materials); *Munir*, 792 F. Supp. at 1473 (noting penological concerns in limiting use of religious oils); *cf. Portley-El v. Zavaras*, No. 99-1028, 1999 WL 542631, at *2 (10th Cir. July 27, 1999) (upholding restrictions on headwear). Under these standards, the alleged temporary deprivation of physical items from Plaintiff's prison cell does not amount to a First Amendment claim. Furthermore, with respect to the allegations that several items of incoming correspondence were intercepted (also alleged in Claim VI), " '[i]n the case of unprivileged incoming and outgoing prison

mail, regulation by prison officials is "essentially an administrative matter in which the courts will not intervene." ' " *Brown v. Williams*, No. 01-2199, 2002 WL 491872, at **2 (10th Cir. April 2, 2002) (citations omitted). Claim I and Claim VI of the complaint will be dismissed.

The complaint's second claim is that the search of Plaintiff's cell violated his rights under the Fourth and First Amendments. Plaintiff's allegations fail to support this claim, because the search of a prison cell does not implicate privacy interests. In *Hudson v. Palmer*, 468 U.S. 517, 526 (1984), the Supreme Court conclusively determined that "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Plaintiff's second claim will be dismissed.

In the fourth claim Plaintiff alleges that his legal materials were withheld, denying him access to the courts. To support this claim, Plaintiff must "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents, *id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Prisons may implement "[r]easonable regulations . . . to balance the legitimate interests of inmate litigants with budgetary considerations and to prevent abuse." *Harrell v. Keohane*, 621 F.2d 1059, 1060 (10th Cir. 1980). The Tenth Circuit has upheld institutional limitations on postage for prisoners, use of typewriters, photocopying, size of a library, and amount of time prisoners are allowed in the library. *See id.*; *Twyman v. Crisp*, 584 F.2d 352 (10th Cir. 1987). Here, Plaintiff has at most alleged that the prison's limitations on his access to his legal materials have caused him substantial inconvenience in

litigating his claims. In *Twyman*, 584 F.2d at 358, the Tenth Circuit specifically rejected a claim by a prisoner that delays in access to materials and legal resources denied an inmate meaningful access to the courts. Plaintiff's allegations do not support a claim for denial of access to the courts, and Claim IV will be dismissed.

In Claim VIII, Plaintiff asserts that his equal protection rights were violated when he was prohibited from attending a computer class because the teacher "simply did not want me in his class." This claim does not allege some form of disparate treatment, that is, that similarly situated individuals are treated differently, and thus fails to provide a basic element of an Equal Protection claim. *See, e.g., Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991). Neither does Plaintiff allege any discriminatory treatment originating in an impermissible class discrimination. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991). Claim VIII will be dismissed.

Claim IX alleges that Defendants have failed to provide a constitutionally adequate grievance procedure. "These allegations fail[] to state a claim as a matter of law because prison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.' The failure to respond to plaintiff's grievances did not impose an atypical and significant hardship in relation to the ordinary incidents of prison life, and there is no indication that the failure to respond inevitably affected the length of plaintiff's sentence." *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000) (affirming dismissal of claim for inadequate grievance procedures; no liberty interest implicated) (citations omitted). Claim IX will be dismissed.

In his motion to supplement the complaint, Plaintiff states that the additional claims arose

4

after he filed the original complaint. The proposed supplemental complaint asserts three claims (the "Supplemental Claims") against thirteen named Defendants. Supplemental Claim II asserts, again, that Plaintiff has been denied access to the courts as a result of alleged failures to adhere to corrections policies and denials of copy requests. This claim will be dismissed for the reasons above relating to Claim IV. In Supplemental Claim III, Plaintiff alleges that profanity has been directed at him in retaliation for filing grievances, and that grievances have been denied. The general rule in the usual case, however, is that mere words, without more, do not invade a federally protected right. *Williams v. Levansailor*, No. 98-4006, 1998 WL 426865, at **1 (10th Cir. 1998) (racial slurs without more not actionable); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (idle threats of violence do not rise to the level of an Eighth Amendment violation); *see also Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.) (finding curses or verbal abuse by prison staff not a constitutional violation), *aff'd*, No. 1990 WL 174653, 1990 WL 174653 (4th Cir. 1990). Grievance issues are discussed above at Claim IX. Supplemental Claim III will be dismissed.

In the remaining Claims III, V, VII, and X, and Supplemental Claim I, Plaintiff's only allegations of personal involvement in the various violations are directed against Defendants Gonzales, Lopez, Hayes, Vallo, Reshetnik, Muth, Sylvestre, Leyva, Hathaway, Murphy and Penn. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *Id.* Plaintiff's claims against all other named Defendants will be dismissed.

Plaintiff's motion for class certification must be denied. "Under Rule 23(a)(4), a class representative must 'fairly and adequately protect the interests of the class.' A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations omitted). And finally, Plaintiff alleges that he has $700 in his inmate account. There is no constitutional violation in requiring an inmate to choose between prison purchases and litigation fees. *Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997). Plaintiff will promptly file a post-filing financial certificate.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to file supplemental pleading (Doc. #10) filed July 15, 2003, is GRANTED; and the Clerk is directed to separate the proposed Supplemental Complaint from the motion and enter it on the docket;

IT IS FURTHER ORDERED that Plaintiff's Claims I, II, IV, VI, VIII, and IX, and Supplemental Claims II and III, are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Shanks, Lucero, Lytle, Vernon, Salcido, (Brian) Chavez, Price, Whitman, Vega, (Robert) Chavez, Sisneros, Allen, Lente, Hernandez, Romero, Marez, Deming, Langston, Collins, Williams, Bustos, Brown, LeMaster, Moya, Shannon, Gutierrez, Quintana, Doe (Maria?), Lechalt, Senna, and Carlson are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's motion for class certification (Doc. #9) filed July 1, 2003, is DENIED;

IT IS FURTHER ORDERED that within twenty (20) days from entry of this order, Plaintiff

6

will submit a post-filing financial certificate; and the Clerk is directed to send a copy of this form;

IT IS FURTHER ORDERED that the Clerk is directed to issue summons, with notice and waiver forms, for Defendants Gonzales, Lopez, Hayes, Vallo, Reshetnik, Muth, Sylvestre, Leyva, Hathaway, Murphy, and Penn on Plaintiff's Claims III, V, VII, and X, and the medical treatment claim in Supplemental Claim I.

_____
UNITED STATES DISTRICT JUDGE